IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHNATHAN HOLMAN and MARCELLA WARNER HOLMAN,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>FUTURE GROWTH, LLC and STUGA, LLC,<br><br>　　　　　　Defendants. | Case No. 24-cv-1012-EFM-TJJ |

## MEMORANDUM AND ORDER

Movant James Linlor ("Linlor"), proceeding *pro se*, has filed a Motion for Leave to File a Brief as *Amicus Curiae* (ECF No. 23). Linlor states he has additional critical information that needs to be submitted into the record and requests leave to file a brief as *amicus curiae* in opposition to Plaintiffs' pending motion for protective order (ECF No. 19). Plaintiffs' motion requests entry of a protective order prohibiting the parties from using discovery materials and testimony obtained in this case in Linlor's related case, *Linlor v. Holman, et al.*, Case 24-cv-1001-DDC-GEB. Linlor is the principal owner and sole LLC member of Defendants Future Growth, LLC and STUGA, LLC. Defendants are represented by counsel and have already filed a response opposing Plaintiffs' motion for protective order. Plaintiffs oppose Linlor's motion for leave to file his proposed *amicus* brief.

"Federal courts have discretion in allowing participation as *amicus curiae*."[1] Courts

---

[1] *N.M. Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, 994 F.3d 1166, 1175 (10th Cir. 2021) (granting leave to file briefs as *amicus curiae* under Fed. R. App. P. 29(b)(3)).

generally permit "participation as an *amicus* to brief and argue as a friend of the court upon a finding that the proffered information of *amicus* is useful or otherwise necessary to the administration of justice."[2] "Historically, *amicus curiae* is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and advises the Court in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another."[3] In determining whether to accept an *amicus* brief, courts consider, among other things,

> (1) whether the proposed *amicus* is a disinterested entity; (2) whether there is opposition to the entry of the *amicus*; (3) whether counsel is capable of making arguments without the assistance of an *amicus*; (4) the strength of the information and argument presented by the potential *amicus curiae's* interests; and, perhaps most importantly (5) the usefulness of information and argument presented by the potential *amicus curiae* to the court.[4]

The Tenth Circuit Court of Appeals has rejected a motion for leave to file an *amicus* brief based solely upon the factor "whether the proposed amicus is a disinterested entity."[5]

The Court finds the above factors weigh heavily against granting Linlor leave to file his proposed *amicus* brief in opposition to Plaintiffs' motion for protective order. Linlor is far from disinterested or impartial. His two wholly owned limited liability companies are the only

---

[2] *Hammond v. City of Junction City, Kan.*, No. 00-2146-JWL, 2001 WL 1665374, at *1 (D. Kan. Dec. 17, 2001) (citations omitted).

[3] *Wildearth Guardians v. Lane*, No. 12-118 LFG/KBM, 2012 WL 10028647, at *2 (D.N.M. June 20, 2012) (quoting *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999)).

[4] *Id.* (quoting *Ass'n of Am. Sch. Paper Suppliers v. U.S.*, 683 F.Supp.2d 1326, 1328 (Ct. Int'l Trade 2010)).

[5] *See Fischer v. BMW of N. Am., LLC*, No. 20-1399, 2021 WL 5458444, at *7 n.6 (10th Cir. Nov. 23, 2021) (The author of the proposed *amicus* brief "should have disclosed his prior involvement in this litigation, and we reject the motion given that prior involvement.").

remaining defendants in this action. Moreover, Plaintiffs oppose entry of the *amicus* brief, and Defendants Future Growth, LLC and STUGA, LLC—through counsel hired by Linlor to represent the LLCs—have already timely filed a response in opposition to Plaintiffs' motion for protective order. Linlor's proposed *amicus* brief repeats arguments already articulated in Defendants' response. Finally, most importantly, the Court finds the information and arguments presented in Linlor's proposed *amicus* brief are not useful or helpful to the Court in ruling on Plaintiffs' pending motion. His proposed *amicus* brief is not limited to arguments pertinent to the motion, but also attempts to raise collateral grievances against Plaintiffs and their counsel arising out of his separate *pro se* litigation.

**IT IS THEREFORE ORDERED** that Linlor's Motion for Leave to File a Brief as *Amicus Curiae* (ECF No. 23) is denied.

IT IS SO ORDERED.

Dated July 15, 2024, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge