IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHNATHAN HOLMAN and MARCELLA
WARNER HOLMAN,

               Plaintiffs,

      v.

FUTURE GROWTH, LLC and
STUGA, LLC,

               Defendants.

Case No. 24-cv-1012-EFM-TJJ

## MEMORANDUM AND ORDER

Plaintiffs Johnathan and Marcella Holman filed a Motion for Protective Order (ECF No. 16) pursuant to Fed. R. Civ. P. 26(c) seeking to limit the use of discovery materials and testimony to only the prosecution and defense of this case and specifically prohibiting the parties from using them in the related case involving some of the same parties, *Linlor v. Holman, et al.*, Case 24-cv-1001-DDC-GEB (the "Linlor Case"). Defendants Future Growth, LLC ("Future Growth") and STUGA, LLC ("STUGA"), through their counsel, filed a response opposing the motion (ECF No. 19). As explained below, the Court denies the motion without prejudice.

## I.      Procedural and Factual Background of This Case

This case was originally filed by Plaintiffs in Ford County, Kansas District Court against Future Growth and High Plains Title, LLC.[1] Plaintiffs alleged Future Growth breached a real estate contract for the purchase of approximately 520 acres of pasture and agricultural ground in Ford County, Kansas, and wrongfully terminated their verbal, year-to-year agricultural lease for 40

---

[1] Pet., ECF No. 4-1.

additional acres of pasture. Plaintiffs subsequently amended their petition to add STUGA as a defendant and assert a fraudulent transfer count alleging Future Growth transferred the Ford County real estate at issue by quitclaim deed to STUGA.[2] Future Growth and STUGA removed the action to this Court on January 17, 2024. Plaintiffs filed the instant motion on June 20, 2024.

## II.     Linlor Case

James Linlor ("Linlor") is the sole LLC member of both Future Growth and STUGA. After the Ford County case was filed but before it was removed here, Linlor, proceeding *pro se*, filed a separate federal lawsuit against Plaintiffs, their cattle businesses, their attorney, and their attorney's legal assistant arising out of the Ford County property transactions. Linlor asserted claims for breach of contract, unfair competition, tortious interference, malicious prosecution, intentional infliction of emotional distress, conversion, defamation, fraud, conspiracy, and violation of Kansas statute K.S.A. § 58-2555(f).

The defendants in the Linlor Case (who include Plaintiffs in this case) filed a motion to consolidate it with this case. Linlor opposed consolidation of the two cases due to "severely disparate" parties and events and the need for this case to be resolved before several of the claims can be addressed in the Linlor Case.[3] Linlor also argued that "combining cases complicates the cases vs. simplifying, is without merit and contrary to precedent and case law, and harms [him]."[4]

Magistrate Judge Birzer ordered scheduling and discovery in the Linlor Case be deferred pending rulings on Linlor's motion to deposit funds, motion for partial summary judgment, and

---

[2] First Am. Pet., ECF No. 1-1.

[3] Linlor Case, No. 24-1001, ECF No. 18.

[4] *Id.*

the defendants' motion for judgment on the pleadings.[5] Judge Birzer denied the motion to

consolidate the cases without prejudice to refiling, finding it premature in light of the pending

dispositive motions.[6]

> While both cases deal with real estate in Ford County, Kansas, the [Linlor Case] is much more encompassing in terms of claims presented, relief sought, and defendants included. For example, in [the Linlor] Complaint, Plaintiff alleges a myriad of claims against . . . the attorney [for the Holmans in the removal case] and his legal assistant . . . . While the Holmans are parties in both cases, [their attorney and his assistant] are not. If the Court, in ruling on the Dispositive Motion, should dismiss the claims against [the attorney and his assistant] as premature, but allow certain other claims to proceed, a decision on consolidation would be more appropriate at that time.[7]

Linlor filed a motion for sanctions against the Holmans' attorney in the Linlor Case for

alleged "repeated violations of ABA rules by said counsel."[8] Linlor included emails and documents

he received from counsel in this case as exhibits to his motion for sanctions in the Linlor Case.

After Judge Birzer held an in-person conference in the Linlor Case on July 30, 2024, the parties

agreed to withdraw any motions for sanctions.[9]

## III.   Summary of the Parties' Arguments

Plaintiffs argue the purpose of their requested proposed order is to keep discovery produced

in this case from "feeding" the claims in the Linlor Case. They attach to their reply a fax sent by

Linlor to counsel in the Linlor Case that references communications between counsel in this case.

---

[5] *Id.*, ECF No. 51.

[6] *Id.,* ECF No. 53.

[7] *Id.*, ECF No. 53, at 3–4.

[8] *Id.,* ECF No. 57.

[9] *Id.,* ECF No. 61.

They claim this is an example of Linlor "blurring the lines between the two cases and using documents from one case to make arguments in another." Plaintiffs stress that a motion to consolidate these two cases was denied and discovery in the Linlor Case has been stayed. Plaintiffs argue discovery from this case should not be used to get around the discovery stay in the Linlor Case.

Defendants oppose the motion, arguing Plaintiffs have not met their burden for issuance of the requested protective order under Rule 26(c). They argue Plaintiffs' proposed protective order is illogical because for all practical purposes the individuals and entities involved in both cases are largely the same and both cases will likely seek similar or identical discovery. Thus, it would serve no purpose other than to increase discovery costs and cause delay for everyone involved. Defendants also argue Plaintiffs make no claim that the discovery materials to be protected are trade secrets or other confidential information warranting protection from disclosure outside this litigation, nor are they the type of discovery materials typically covered by this type of protective order.

IV.    **Legal Standards**

Federal Rule of Civil Procedure 26(c) governs motions for protective order. It provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Included among the types of protective orders a court may issue are orders "limiting the scope of disclosure or discovery to certain matters," and "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."[10] The party

---

[10] Fed. R. Civ. 26(c)(1)(D) and (G).

seeking a protective order has the burden to show good cause for it.[11]

The court has broad discretion to decide when a protective order is appropriate and what degree of protection is warranted.[12] As the Supreme Court has recognized, "[t]he trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."[13]

Because the Federal Rules of Civil Procedure do not expressly limit the parties' use of discovery to the litigation in which it is obtained,[14] the parties themselves often agree and jointly request the court enter a proposed stipulated protective order that limits the disclosure, use, and dissemination of confidential information exchanged during discovery. The purpose of this type of protective order is to ensure that information designated by a party as confidential is protected from disclosure outside the litigation and used only for purposes of prosecuting or defending the action and any appeals. This District has promulgated Guidelines for Agreed Protective Orders and an approved form for such confidentiality-based protective orders.[15]  For these special type of protective orders, the party or parties seeking the protective order must provide a "concise but sufficiently specific recitation of the particular facts" in the case at issue that would provide the

---

[11] *Frame v. Salina Reg'l Health Ctr., Inc.*, No. 07-2442-JWL, 2008 WL 11380072, at *1 (D. Kan. Feb. 11, 2008).

[12] *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

[13] *Id.*

[14] *See Zapata v. IBP, Inc.*, 160 F.R.D. 625, 628 (D. Kan. 1995) ("The drafter of the rules of civil procedure could easily have included a restriction that use of discovery is limited to the litigation in which it is provided, were such their intent. The court finds no such provision.").

[15] https://www.ksd.uscourts.gov/civil-forms.

court with an adequate basis upon which to make the required finding of good cause pursuant to

Fed. R. Civ. P. 26(c). [16]

In *Zapata v. IBP, Inc.*,[17] the court addressed a similar request for a protective order—

namely, that information produced in the pretrial discovery not be disclosed to anyone outside the

litigation unless the information was admitted into evidence and became part of the court record.

The court found the defendant had not shown good cause under Rule 26(c) for the protective order,

finding the defendant had failed to show that any of the information produced qualified for a

protective order, or that disclosure or use of any such information in other litigation would create

any legally recognizable harm.[18] The court noted the negative impact on discovery from entering

such a protective order:

> The court also fails to see any inherent evil, at least upon the present motion, in the use of discovery in litigation beyond that in which it is provided. In some cases abuse may develop, and the court will then issue a Protective Order. In other instances such use may save both time and expense for both the litigants and the court. If indeed the same information is discoverable and perhaps admissible in more than one case, the court finds little persuasion in the suggestion that virtue lies in a policy which would require every litigant to repeat and multiply the same discovery procedures in every other similar action. Such a policy would hardly accord with the purpose of the rules as set forth in Fed. R. Civ. P. 1, to "be construed and administered to secure the just, speedy, and inexpensive determination of every action."[19]

---

[16] *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010). *See also* D. Kan. Guidelines for Agreed Protective Orders, available at https://www.ksd.uscourts.gov/district-kansas-guidelines.

[17] 160 F.R.D. 625, 625–28 (D. Kan. 1995).

[18] *Id.* at 628.

[19] *Id.*

**V.        Whether Plaintiffs have Shown Good Cause for the Requested Protective Order**

As the party requesting entry of a protective order, Plaintiffs have the burden to show good cause for it. Here, they request a broad protective order that limits the use of discovery materials and testimony acquired in this case "to use in the prosecution and defense of the claims asserted in this case only" and specifically prohibits its use in the related Linlor Case. Notably, the proposed protective order is not limited to documents or materials containing confidential information. Instead, the scope of Plaintiffs' proposed protective order encompasses:

> All documents, things, data, communications, and other materials produced in discovery, including initial disclosures, discovery responses, deposition testimony and exhibits, and information derived therefrom, as well as deposition testimony, transcripts, and exhibits.

The Court finds Plaintiffs have not shown good cause for such a broad, all-encompassing protective order that would cover virtually everything "produced in discovery" without regard to whether it contains information warranting some protection. Nor have Plaintiffs shown good cause for their requested specific prohibition for use in the related Linlor Case, in which they are parties. If the same documents and information are indeed discoverable in both this case and the Linlor Case, this protective order prohibition would necessitate the litigants repeat the same discovery in both cases, needlessly increasing costs, and be antithetical to the "just, speedy, and inexpensive determination of every action" under Fed. R. Civ. P. 1. The Court will therefore deny Plaintiffs' motion but without prejudice. If Plaintiffs have concerns about the disclosure or use of specific documents or categories of documents obtained through discovery in this case, they may refile a motion requesting a more limited, narrowly-tailored protective order that shows good cause for the limitations on its disclosure and/or use outside this case.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Protective Order (ECF No. 16) is denied without prejudice.

IT IS SO ORDERED.

Dated August 2, 2024, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge